PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| NORTHFIELD PARK ASSOCIATES, LLC, | ) | |
| | ) | CASE NO. 5:16CV2854 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| | ) | |
| RENEE MANCINO, *et al.*, | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** [Resolving ECF Nos. 4, 5, and |
| Defendants. | ) | 12] |

Pending before the Court are Defendant's Motion to Transfer and Consolidate (ECF No. 4), Plaintiff's Motion to Remand (ECF No. 5), and Defendants' Motion to Attend the Case Management Conference Telephonically (ECF No. 12). For the following reasons, Plaintiff's Motion to Remand is granted.

## I. Background

Plaintiff brought this defamation suit in the Summit County, Ohio Court of Common Pleas. ECF No. 1-1. Defendants removed the case on the basis of federal question jurisdiction, arguing that the Court will have to engage in "an in depth analysis" of the Interstate Horseracing Act ("IHA"), 15 U.S.C. § 3001, to determine whether its statements are defamatory. ECF No. 1 at PageID #: 2. Plaintiff has moved to remand. ECF No. 5.

## II. Standard of Review

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or

(5:16CV2854)

defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  District courts have original jurisdiction over civil actions that arise under federal law, *see* 28 U.S.C. § 1331, or that involve parties of diverse citizenship and exceed $75,000 in controversy, *see* 28 U.S.C. § 1332.  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar v. Williams*, 482 U.S. 386, 392 (1987); *see also Warner v. Ford Motor Co.*, 46 F.3d 531, 533 (6th Cir. 1995) ("[T]he plaintiff is the master of the complaint . . . [T]he plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court.").

      The United States Supreme Court has recognized that federal question jurisdiction may exist where there are "state-law claims that implicate significant federal issues." *Hampton v. R.J. Corman R.R. Switching Co., LLC*, 683 F.3d 708, 712 (6th Cir. 2012) (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005)).  A claim presents a significant federal question when "(1) the state-law claim . . . necessarily raise[s] a disputed federal issue; (2) the federal interest in the issue [is] substantial; and (3) the exercise of jurisdiction [does] not disturb any congressionally approved balance of federal and state judicial responsibilities." *United States v. City of Loveland*, 621 F.3d 465, 472 (6th Cir. 2010) (quoting *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 568 (6th Cir. 2007) (en banc) and citing *Grable*, 545 U.S. at 314).

### III.  Discussion

Defendants' argument that the Court has subject-matter jurisdiction fails for several reasons.  First, Defendants' arguments that its potential counterclaims or defenses may implicate the Interstate Horseracing Act cannot serve as a basis for jurisdiction in federal court.  *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) ("To determine whether the claim arises under federal law, we examine the 'well pleaded' allegations of the complaint and ignore potential defenses . . . ."); *see also Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831–32 (2002) (finding that, pursuant to the well-pleaded-complaint rule, a counterclaim cannot serve as the basis for a federal court's "arising under" jurisdiction).  Therefore, Defendants' arguments that "truth is a complete defense to a claim of defamation," ECF No. 1. at PageID #: 2, and that its legal defenses arise under federal law, ECF No. 9 at PageID #: 99, are not relevant to the Court's jurisdictional inquiry.

Second, Plaintiff's defamation claims do not involve significant federal questions.  Although Defendants attempt to draw connections between Plaintiff's claims and the IHA, it is not enough that a complaint merely implicates matters of federal law.  *See Marrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 807 (1986) ("Although the constitutional meaning of 'arising under' may extend to all cases in which a federal question is 'an ingredient' of the action . . . we have long construed the statutory grant of federal-question jurisdiction as conferring a more limited power[.]" (citations omitted)).  Instead, the court must reference the

(5:16CV2854)

well-pleaded complaint to determine whether it poses a substantial question of federal law.[1] *Id. at 808*; *Mikulski*, 501 F.3d at 574–75.

In this case, Plaintiff's claims do not arise under federal law. They are state-law defamation and *respondeat superior* claims. Nor do the claims present substantial questions of federal law. Only one element of Plaintiff's defamation claim—the truth or falsity of Defendants' statements—is related to federal law. This tenuous connection is not sufficient to establish a substantial question of federal law. *See Mikulski*, 501 F.3d at 565 ("[T]he mere presence of a federal issue in a state law cause of action does not automatically confer federal question jurisdiction[.]"); *Miller v. Norfolk & W. Ry. Co.*, 834 F.2d 556 (6th Cir. 1987) (finding no federal question jurisdiction when the nature of the federal interest was merely that a federal statute would be interpreted and applied as a component of plaintiff's defamation action); *Hahn v. Rauch*, 602 F. Supp. 2d 895 (N.D. Ohio Aug. 15, 2008) ("[W]here [the federal interest] is just one element of the claims at issue, it cannot be said that resolution of Plaintiff's complaint is 'inextricably intertwined with' or 'substantially dependent on' analysis of [federal law].").

---

[1] Defendants' argument that Plaintiff artfully pleaded its Complaint (ECF No. 9 at PageID #: 99–100) has no merit. The "artful pleading" doctrine is an exception to the well-pleaded complaint rule. *Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 341 (6th Cir. 1989). "If it appears 'that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims' or if plaintiff's claim is 'really one of federal law,' then the matter is properly in federal court." *Id.* (quoting *Franchise Tax Bd. v. Laborers Vacation Tr.*, 463 U.S. 1, 13 (1983)). Defendants rely on little more than Plaintiff's mention of a federal statute in its Complaint. Defendants do not, for example, offer evidence of parallel federal claims that Plaintiff consciously avoided in its pleadings. *See Mikulski*, 501 F.3d at 563 (6th Cir. 2007) (finding no artful pleading when plaintiffs would not have had a federal, statutory cause of action); *Her Majesty the Queen*, 874 F.2d at 341 (artful pleading doctrine not met when state action unaffected by federal law).

(5:16CV2854)

Therefore, because no federal issue is presented on the face of Plaintiff's Complaint, the Court finds that it does not have federal question jurisdiction over Plaintiff's defamation claim.

Defendants do not argue that there is federal question jurisdiction over Plaintiff's *respondeat superior* claims, nor do they argue that the Court has diversity jurisdiction. *See generally* ECF Nos. 1 and 9. Accordingly, the Court does not have subject-matter jurisdiction over the case.

### IV.  Conclusion

For the foregoing reasons, the Court lacks subject-matter jurisdiction over the case. The case is remanded to the Summit County, Ohio Court of Common Pleas forthwith. The Case Management Conference scheduled for February 8, 2017 is cancelled. As the Court has lacked subject-matter jurisdiction from the date of removal, the Court also lacks the jurisdiction to consider the pending Motion for Transfer. The Motion to Attend the Case Management Conference by Telephone is denied as moot.

IT IS SO ORDERED.

 February 7, 2017           /s/ Benita Y. Pearson
Date                        Benita Y. Pearson
                            United States District Judge